# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 10-31436 |
| COURTNEY J. HALL, | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

**MEMORANDUM OF DECISION**

Before the Court is a motion filed by Chapter 7 debtor Courtney J. Hall (the "Debtor") seeking reconsideration of this Court's order allowing the Chapter 7 trustee (the "Trustee") to employ special counsel to prosecute the Debtor's prepetition claim for wrongful termination against her former employer. At issue is whether the Debtor's claim against her former employer was fully exempted and is no longer property of the bankruptcy estate or whether the Debtor exempted only a partial interest in the claim, leaving the estate with an interest in the claim to the extent recovery on the claim exceeds that partial exemption.

I.    FACTS AND TRAVEL OF THE CASE

The Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code")[1] on July 19, 2010. At the time she commenced her bankruptcy case, the Debtor also had pending before the Massachusetts

---

[1] See 11 U.S.C. § 101 et seq. All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

1

Commission Against Discrimination ("MCAD") a complaint against her former employer alleging wrongful termination. The Debtor disclosed the potential wrongful termination claim (the "Claim") on Schedule B filed with her petition, listing the "current value" as "unknown." The Debtor listed an exemption in the Claim on Schedule C - Property Claimed as Exempt, again listing the current value of the Claim as "unknown." Under the column requiring the Debtor to "specify law providing each exemption," the Debtor listed § 522(d)(5),[2] and in the column marked "value of the claimed exemption," the Debtor put "unknown." No objections to the Debtor's exemptions have been filed.

The meeting of creditors required by § 341 of the Bankruptcy Code (the "341 Meeting") was held on August 31, 2010. At the meeting, the Debtor and the Trustee discussed the Claim. The meeting apparently ended with the Trustee telling the Debtor he would "figure out what we're going to do, if anything" regarding the Claim, and telling her either "we're all set" or "*you're* all set."[3]

In October 2010, the MCAD entered a probable cause finding in favor of the Debtor with regard to the Claim. On January 19, 2011, the Trustee filed an "Application to Employ Special Counsel for the Estate" (the "Application to Employ"), seeking authority to employ special counsel to pursue the Claim on behalf of the bankruptcy

---

[2] Pursuant to § 522(b)(1), debtors may elect to claim either the exemptions provided under applicable state and non-bankruptcy federal law, see 11 U.S.C. § 522(b)(3), or those provided by the Bankruptcy Code at § 522(d) (assuming the state where the debtor files has not 'opted out' of allowing its residents to elect the Bankruptcy Code's exemptions), see 11 U.S.C. § 522(b)(2). Massachusetts has not "opted out" of the Bankruptcy Code exemption scheme, and the Debtor elected to claim the exemptions available under subsection (d).

[3] At the hearing on this matter held on March 31, 2011, the parties identified some small discrepancies between their separate transcriptions of the 341 Meeting. While the Trustee's transcription ended with "we're all set," the Debtor's ended with "you're all set. Okay." Hr'g Tr. 5:17-6:7; 21:24-22:14. Although given an opportunity to submit a copy of the 341 Meeting recording to the Court, Hr'g Tr. 23:1-8, neither party has done so. Regardless, the differences are immaterial for the reasons discussed in the remainder of this memorandum.

2

estate.[4] Although acknowledging that the Debtor had not specified the amount of her exemption in the Claim, the Trustee asserted in the Application to Employ that the Claim "constitute[s] property of the estate," and the attached agreement between the Trustee and proposed special counsel further indicated the Trustee's belief that the Claim was property of bankruptcy estate. The certificate of service attached to the Application to Employ indicates that it was served on both the Debtor and her attorney.

No objections to the Application to Employ were filed, and the application was granted on February 8, 2011. On February 21, the Debtor, through new counsel, filed a motion seeking reconsideration of the order granting the Application to Employ (the "Motion for Reconsideration"), and the Trustee objected. After a hearing on the Motion for Reconsideration and the Trustee's objection, the matter was taken under advisement.

II.     POSITIONS OF THE PARTIES

The Debtor's primary argument in support of the Motion for Reconsideration is rather straightforward: the Debtor maintains that she exempted the Claim in full. Therefore, she says, it is fruitless to allow special counsel to pursue the Claim, as the Claim is no longer property of the bankruptcy estate by operation of § 522(l). The Debtor likens her case to Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), in which, according to the Debtor's reading, the Supreme Court held that a Chapter 7 trustee's failure to object to a debtor's listing "unknown" as the value of a claimed exemption

---

[4] See 11 U.S.C. § 327(e) ("The trustee, with the court's approval, may employ, for a specified special purpose, an attorney that has represented the debtor . . . ."). According to the Application to Employ, proposed special counsel also represented the Debtor prepetition with respect to the Claim.

3

resulted in the exemption of the entire asset and its removal from the bankruptcy estate. And the Debtor further reads the Supreme Court's recent decision in Schwab v. Reilly, – U.S. –, 130 S.Ct. 2652 (2010), as supporting the Debtor's interpretation of Taylor.

The Trustee contends that the Debtor's belated contest to his Application to Employ does not warrant reconsideration. The Trustee says the Debtor simply failed to timely object to the Application to Employ and does not present any newly discovered evidence or identify any manifest error of law. In his view, because the Application to Employ clearly stated that the Trustee believed the Claim was property of the bankruptcy estate, the Debtor has waived any argument that the Claim is fully exempt.

The Trustee also disagrees with the Debtor's reading of Taylor, and argues that the exemption claimed by the Debtor here is distinguishable from that claimed by the debtor in Taylor. Although the Debtor here, as in Taylor, listed the value of the exemption as "unknown," the Trustee maintains that the Debtor's specification of § 522(d)(5) as the source of the exemption limits the amount of exemption to which the Debtor is now entitled. The Trustee says that, at least in this case, "unknown" does not mean "all," because the Debtor's available exemption is easily quantifiable by deducting the total amount of other exemptions claimed under § 522(d)(5) from the maximum exemption allowed by that provision. This reading of the Debtor's Schedule C, according to the Trustee, is also consistent with an assumption that the Debtor acted in good faith in claiming the exemption, and was not trying to "pull [a] fast on[e] on a bankruptcy Trustee." Hr'g Tr. 14:6-11.

Finally, the Trustee maintains that the deadline for filing an objection to the Debtor's exemptions (if an objection is necessary) has not passed, since the 341

4

Meeting was not concluded.[5]  In support of this assertion, the Trustee relies on In re Koss, 319 B.R. 317, 321 (Bankr. D. Mass. 2005), where this Court held that a 341 meeting is not concluded until the Trustee so declares or the Court so orders.  The Debtor responds by noting that the Bankruptcy Appellate Panel for the First Circuit recently rejected this "debtor's burden" approach toward determining whether a 341 meeting has concluded.  See In re Newman, 428 B.R. 257, 264 (B.A.P. 1st Cir. 2010).  The Debtor maintains that since the Trustee did not clearly continue the 341 Meeting, the meeting was concluded on August 31, 2010 for the purpose of calculating the deadline for the Trustee to object to the Debtor's exemption.

### III.  DISCUSSION

The commencement of a Chapter 7 bankruptcy case creates an estate comprised of all the debtor's interests in property extant at the time of filing.  11 U.S.C. § 541(a)(1).[6]  Thus, the Claim became property of the bankruptcy estate, potentially subject to prosecution and liquidation by the Trustee, when the Debtor filed her petition. DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co., 448 F.3d 460, 463 (1st Cir. 2006).  However, a debtor may claim certain property exempt from the bankruptcy estate, see 11 U.S.C. § 522(b)(1), and that property "will be excluded from the bankruptcy estate '[u]nless a party in interest' objects."  Schwab, 130 S.Ct. at

---

[5] See Fed. R. Bankr. P. 4003(b)(1) (deadline for filing objection to exemptions is thirty days after the 341 meeting is concluded or schedule of exemptions is amended).

[6] "The commencement of a case . . . creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case."   11 U.S.C. § 541(1)(a).

5

2657; 11 U.S.C. § 522(l).

Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules" or the "Rules") 4003(a) specifies the procedure for claiming exemptions, requiring the debtor to "list the property claimed as exempt . . . on the schedule of assets required to be filed by Rule 1007." Fed. R. Bankr. P. 4003(a); see also 11 U.S.C. § 522(l) ("The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.").[7] Parties in interest, including a Chapter 7 trustee, have thirty days after the conclusion of the 341 meeting (or thirty days after any amendment to the list of exemptions)[8] to file objections to the debtor's claimed exemptions.[9] Fed. R. Bankr. P. 4003(b)(1). Absent an objection, "the property claimed exempt . . . *is exempt*," 11 U.S.C. § 522(l) (emphasis supplied), even if "the debtor had no colorable basis for claiming the exemption," Taylor, 503 U.S. at 639, 643.

In Taylor v. Freeland & Kronz, the Supreme Court confirmed the rigidity of the Rule 4003(b) deadline for raising objections to exemptions, and the consequent removal of exempted property from the bankruptcy estate. 503 U.S. 638. In Taylor, the Chapter 7 debtor disclosed a prepetition employment discrimination suit that was pending in the state court at the time her bankruptcy case was filed. Id. at 640. On her schedule of exemptions, the debtor claimed the "[p]roceeds from lawsuit – [Davis] v. TWA" and

---

[7] As the Supreme Court recently noted, "the 'list' to which § 522(l) [and Rule 4003(a)] refers is the 'list of property . . . claim[ed] as exempt' currently known as 'Schedule C.'" Schwab, 130 S.Ct. at 2660.

[8] The time may be extended for cause if a motion to extend the time is filed before the expiration of the objection period. Fed. R. Bankr. P. 4003(b)(1).

[9] "[I]f the debtor fraudulently asserted [a] claim of exemption," a trustee may file an objection "at any time prior to one year after the closing of the case." Fed. R. Bankr. P. 4003(b)(2). The Trustee here has not asserted that the Debtor acted fraudulently in claiming the exemption.

6

"[c]laim for lost wages" as exempt. Id. She listed the value of the claimed exemption as "unknown." Id. The Chapter 7 trustee did not object to the debtor's exemption. Id. at 641. Ultimately, the debtor settled the lawsuit for $110,000, an amount far greater than the Chapter 7 trustee had estimated it was probably worth. Id. The Chapter 7 trustee then demanded turnover of the money, asserting that it was property of the bankruptcy estate. Id.

The bankruptcy court and district court agreed with the Chapter 7 trustee that the failure to raise a timely objection did not bar his later assertion that the proceeds were property of the bankruptcy estate. Id. The lower courts both held that the deadline imposed by Bankruptcy Rule 4003(b) had no legal effect, because the debtor did not have a legitimate statutory basis for the exemption as claimed; both courts thus rejected the notion that a debtor could be entitled to an "exemption by declaration" absent a statutory basis for the exemption. See Taylor v. Freeland & Kronz (In re Davis), 118 B.R. 272, 275 (W.D. Pa. 1990); Taylor v. Freeland & Kronz (In re Davis), 105 B.R. 288, 292-93 (Bankr. W.D. Pa. 1989). The Third Circuit Court of Appeals reversed, holding that that expiration of the Rule 4003(b) deadline for objections prevented the Trustee from later challenging the exemption, despite the apparent lack of statutory support for the exemption as claimed. Taylor v. Freeland & Kronz, 938 F.2d 420, 424 (3d Cir. 1991).

The issue on appeal to the Supreme Court, then, was "whether the trustee may contest the validity of an exemption after the 30-day period if the debtor had no colorable basis for claiming the exemption." Taylor, 503 U.S. at 639. The Court rejected the trustee's argument that a debtor must have a "good-faith or reasonably

7

disputable basis" for claiming an exemption before the trustee will be bound by the deadline for objections under Rule 4003(b). Id. at 643. The Court relied instead on the plain language of § 522(l), holding that the statute should be interpreted literally – in the absence of a timely objection, property claimed as exempt *is exempt*. Id. at 643. And, because the Debtor claimed the full proceeds from the lawsuit as exempt, all the proceeds *were exempt* (and no longer property of the bankruptcy estate) by operation of § 522(l), precluding the trustee from "depriving [the debtor] . . . of the exemption." Id. at 644.

The Debtor's reliance on Taylor is premised on her assertion that by scheduling the value of her exemption in the Claim as "unknown," as the debtor did in Taylor, she too exempted the Claim in its entirety. But the Debtor's analogy glosses over the issue actually decided in Taylor – the correct interpretation of § 522(l) – and grasps at an issue *not* actually decided by the Taylor Court. As the First Circuit Court of Appeals has noted, Taylor "does not tell us *what* has been claimed as exempt – only that *whatever* has been claimed as exempt is beyond the estate's grasp once the deadline has elapsed." Barroso-Herrans v. Lugo-Mender (In re Barroso-Herrans), 524 F.3d 341, 344 (2008).[10] In Taylor, the question of *what* had been claimed as exempt was apparently not disputed, and the Court stated in its recitation of facts that the debtor "in fact claimed the full amount as exempt." Taylor, 503 U.S. at 642.[11]

---

[10] See also In re Cormier, 382 B.R. 377, 390 (Bankr. W.D. Mich. 2008) (the Taylor decision "focused solely on the correct legal interpretation of § 522(l)"); cf. Mercer v. Monzack, 53 F.3d 1, 3 (1st Cir. 1995) ("True, Taylor requires that we interpret and apply section 522(l) and Bankruptcy Rule 4003(b) according to their literal intendment. But section 522(l) neither states nor implies that property of the estate *becomes property of the kind* the debtor describes . . . .").

[11] See also Mullis v. AgGeorgia Farm Credit (In re Jones), 357 B.R. 888, 892 (Bankr. M.D. Ga. 2005) ("[T]he Court stated that the debtor 'in fact claimed the full amounts exempt.' The Court

8

Thus, before this Court considers the Taylor issue (i.e., whether the time for raising an objection to the Debtor's exemption has now passed), it must first determine a more basic question: *what did the Debtor claim as exempt?*

### A. *What* was Claimed as Exempt?

In determining what a debtor has actually claimed as exempt, and whether those exemptions are properly taken or are objectionable, a Chapter 7 trustee "is entitled to evaluate . . . three, and only three entries on [the debtor's] Schedule C: the description [of the property] in which [the debtor] claimed the exempt interests; the Code provisions governing the claimed exemptions; and the amounts [the Debtor] listed in the column titled 'value of claimed exemption.'" Schwab v. Reilly, 130 S.Ct. at 2663. The Debtor here, however, would have this Court focus only on two entries in her Schedule C – the description of the property ("potential wrongful termination suit against former employer") and the value of the claimed exemption ("unknown").

But the Debtor did not simply claim all the proceeds of the Claim in an "unknown" amount as exempt on her Schedule C. Instead, she specified the Code provision governing the exemption as § 522(d)(5). By "plainly list[ing] [a] discrete statutory citatio[n] supporting the . . . exemption clai[m]," the Debtor "restrict[ed] . . . the focus of the exemptio[n] claimed . . . ." Mercer, 53 F.3d at 3.

Section 522(d)(5), often referred to as the federal "wildcard" exemption, allows a debtor to exempt the "debtor's aggregate interest in any property, not to exceed $1,150

---

did not explain how it reached that conclusion."). Indeed, many cases discussing Taylor note the underlying assumption in that case that the full proceeds were claimed as exempt. See In re Shelby, 232 B.R. 746, 753 (Bankr. W.D. Mo. 1999); In re Desoto, 181 B.R. 704, 707 (Bankr. D. Conn. 1995); Addison v. Reavis (In re Reavis), 158 B.R. 53, 59, aff'd sub. nom., Ainslie v. Grablowsky (In re Grablowsky), 32 F.3d 562, 1994 WL 410995 (4th Cir. 1994).

9

plus up to $10,825 of any unused amount of the exemption provided under paragraph (1)." 11 U.S.C. § 522(d)(5). Because the "'property' a debtor may 'clai[m] as exempt' under § 522(d)(5) is defined by that subsection "as the debtor's 'interest' – up to a specified dollar amount – in the assets," Schwab, 130 S.Ct. at 2661-62, that subsection does not create an exemption in "the assets themselves." Id. Through simple arithmetic, it is clear that the maximum dollar amount the Debtor could exempt in the Claim pursuant to § 522(d)(5) is $11,190.[12] Accordingly, a straightforward reading of the applicable entries on Debtor's Schedule C indicates that she listed an exemption of no more than $11,190 in the Claim.

And the fact that the Debtor valued the claimed exemption as "unknown" does not, as the Debtor would have it, allow her to now assert an unlimited exemption in the Claim. The Court agrees instead with the analysis and conclusion explicated by the Eighth Circuit Court of Appeals in Stoebner v. Wick (In re Wick), 276 F.3d 412 (8th Cir. 2002), where the court held that a debtor's use of the value "unknown" with regard to an exemption claim did not operate to exempt the entire asset. The facts in Wick are substantially identical to those present here. In that case, the debtor listed as personal property a contingent stock option, which she valued as "unknown," and also listed the value of the claimed exemption as "unknown." Wick, 276 F.3d at 414. As in this case, the Wick debtor cited § 522(d)(5) as the statutory basis for her claimed exemption, and the parties agreed that the remaining amount of exemptions available under that subsection was $3,925. Id. at 414, 416. The Chapter 7 trustee did not object to the

---

[12] The Debtor specified a dollar value for every exemption listed in her Schedule C other than the exemption in the Claim. The total of the other (d)(5) exemptions claimed is $785, and the Debtor did not list any exemptions taken pursuant to (d)(1). Thus, the remaining exemption allowable under (d)(5) is $11,190.

10

debtor's claimed exemption in the stock options. Id. at 414. Ultimately, the stock options yielded proceeds of $97,200. Id. at 415. The Trustee demanded turnover of the proceeds in excess of $3,925, but the debtor, relying on Taylor, argued that she had exempted the entire asset by listing its value as "unknown." Id. at 415, 416.

The Eighth Circuit disagreed with the debtor and held that the proceeds were only partially exempted. Id. at 417. The court held that the claim of exemption in an "unknown" amount did not exempt the asset in full, because the debtor had specifically cited § 522(d)(5) as the basis for the exemption claim. Id. at 417. The Wick court noted that the Taylor decision relied on the underlying *assumption* that the debtor "in fact claimed the full amount as exempt." Id. at 418 (quoting Taylor, 503 U.S. at 642). In contrast, the Wick debtor limited the exemption by specifying a statute with a monetary limit:

> We reject Ms. Wick's contention that listing "unknown" as the current market value of the exemptions is sufficient as a matter of law to make an asset fully exempt. Indeed, it may signal nothing more than that the asset has not been valued or that the debtor is unsure of how to come up with an accurate market value. While it is true the trustee did not object to Ms. Wick's exemption, this does not mean that the asset was fully exempted. Here, when a specific dollar figure given by statute limited the amount of the exemption . . . listing "unknown" does not, by itself, render the options fully exempt. Ms. Wick exempted only up to $3,925 of the value of the options, not the entire asset.

Wick, 276 F.3d at 416.[13]

---

[13] See also Williams v. Peyton (In re Williams), 104 F.3d 688 (4th Cir. 1997) (where debtor claimed an exemption pursuant to a specific statute, the extent of the exemption was limited by the statute); Grueneich v. Doeling (In re Grueneich), 400 B.R. 680, 687 (B.A.P. 8th Cir. 2009) (where debtor claimed exemption in stock under § 522(d)(5) and listed the value of the exemption as "unknown," the exemption was limited to the monetary limit in the statute); Aguirre v. Fullerton Lumber Co., Inc. (In re Aguirre), 2007 WL 601541, *2 n.2 (Bankr. D.S.D. Feb. 21, 2007) (where debtors listed the value of their claimed homestead exemption in homestead as "unknown," equity in the home became exempt up to the statutory allowance); In re McCabe, 356 B.R. 314, 316 (Bankr. D. Mass. 2006) (citing, quoting Wick, 276 F.3d at 416); In re Kuhn,

11

This Court agrees with the analysis and holding articulated in Wick, and finds that it applies here. Not only does the Court view a fair reading of the Debtor's Schedule C as limiting the exemption in the Claim, but holds that, to the extent the scheduled exemption is ambiguous, the ambiguity must be resolved against the Debtor's limitless interpretation.[14] The First Circuit has noted (although has not yet "construct[ed] rigid rules") that:

> in legal documents, ambiguity is traditionally construed against the drafter, and that canon has special force in this context: after Taylor, a failure to object to a claimed exemption has very harsh consequences for the estate, and so it is most fair to place on the debtor the burden of claiming exemptions unambiguously.

Barroso-Herrans, 524 F.3d at 345 (citations omitted).[15] While Chapter 7 trustees may not bring untimely objections to facially invalid exemptions, they are not tasked with clarifying every ambiguous exemption claimed by debtors. Cormier, 382 B.R. at 397.

And Schwab does not dictate a contrary result. The Schwab Court stated that Taylor "establishes and applies the straightforward proposition that an interested party must object to a claimed exemption if the amount the debtor lists as the 'value claimed

---

322 B.R. 377, 383 (Bankr. N.D. Ind. 2005) (where the debtor listed "100%" as the value of claimed exemption and specified the statute under which the exemption was claimed, exemption was limited to maximum monetary amount allowed under specified statute).

[14] Given that the Debtor specified the provision under which the exemption is claimed, however, the Court agrees with the one bankruptcy court's observation that "a critical element in a Schedule C exemption claim is the statutory provision under which the exemption is claimed" and "viewed in that context, one could quite persuasively argue that there isn't any ambiguity at all . . . ." Kuhn, 322 B.R. at 287.

[15] See also, e.g., In re Hyman, 967 F.2d 1316, 1319 (9th Cir. 1992); Cormier, 382 B.R. at 397; Addison, 158 B.R. at 59; but see Olson v. Anderson (In re Anderson), 377 B.R. 865, 877 (B.A.P. 6th Cir. 2008); Jones, 357 B.R. at 894.
   As the court in In re Kuhn noted, resolving ambiguous exemption claims against the debtor is an issue separate from (and does not conflict with) the principle that exemption *statutes* are generally interpreted liberally in favor of debtors. See Kuhn, 322 B.R. at 385.

12

exempt' is not within statutory limits, a test the value ($ *unknown*) in Taylor failed," 130 S.Ct. at 2666. But that statement does not mean the mere use of the word "unknown" in connection with valuation of an exemption will operate to fully exempt an asset in every case. Rather, the "unknown" valuation in Taylor was objectionable on its face because the debtor had not otherwise limited the amount of the exemption either through citation to a specific statutory provision[16] or through a circumscribed description of the property.[17]

The Schwab Court also emphasized that neither the Trustee nor the bankruptcy court need struggle to divine a debtor's "intent" underlying claimed exemptions or look beyond the face of Schedule C to figure out what the debtor "meant" to exempt. See Schwab, 130 S.Ct. at 2665 ("Taylor does not rest on what the debtor 'meant' to exempt.").[18] Instead, where the amount of the exemption is discernable from the description of the property, the cited statutory basis, and amount of the claimed exemption, see Schwab, 130 S.Ct. at 2663, *that* amount is what "is exempt" under § 522(l).

Finally, interpreting the Debtor's exemption claim to encompass the monetary limitation provided by the Code provision chosen and cited *by the Debtor* is more

---

[16] In the column requiring the debtor to "specify the statute creating the exemption," the debtor in Taylor merely listed "11 U.S.C. 522(b)(d)," which arguably refers to *all* the exemptions provided for under the Bankruptcy Code. See Schwab, 130 S.Ct. at 2666 (reproducing the applicable portion of the Taylor debtor's exemption schedule).

[17] The debtor in Taylor described the "type of property" as "proceeds from lawsuit," and in the column asking for the "location, description, and, so far as relevant to the claim of exemption, present use of property," the debtor listed "Winn [Davis] v. TWA, Claim for lost wages." See Taylor, 503 U.S. at 640; Schwab, 130 S.Ct. at 1666.

[18] See also, Mercer, 53 F.3d at 3 (declining to interpret debtor's claimed exemptions based on what the debtor argued he *intended* to exempt).

13

consistent with the approach taken in Schwab. The Schwab Court was careful to differentiate the type of exemption claimed by the Debtor here (an exemption limited to a maximum monetary amount) and those exemptions allowing a debtor to exempt certain assets in full. See Schwab, 130 S.Ct. at 2661-62, 2663, 2667, 2668 n.19. As in Schwab, this Court finds that it is more appropriate to view the Debtor's specified § 522(d)(5) exemption ("an 'interest' 'not to exceed' a specified dollar amount," Schwab, 130 S.Ct. at 2663 n.10), as limited to the maximum dollar amount that provision allows. To read the Debtor's Schedule C as the Debtor proposes would, as in Schwab, "unnecessarily treat the exemption as violating the limits imposed by the Code [§ 522(d)(5)], as well as ignore the distinction between [§ 522(d)(5)] and the provisions that 'authoriz[e] reclamation of the property in full without any cap on value.'" Id.[19]

Accordingly, this Court finds that the Debtor exempted an interest in the Claim in an amount not to exceed $11,190. Any recovery on the Claim exceeding that amount remains property of the bankruptcy estate, and there is no reason for this Court to reconsider its order granting the Trustee's Application to Employ.[20]

---

[19] See also Cormier, 382 B.R. at 394 ("The language of §522(d)(5), contrasted with the 'in-kind' exemption subsections, encourages a reader to conclude that a difference must exist – the maximum must mean *something*.").

[20] While this decision renders a ruling on the issue of whether the 341 Meeting has concluded and the deadline for filing an objection to the Debtor's exemption has passed is unnecessary, the Court does not thereby encourage Chapter 7 trustees to refrain from filing objections to exemptions claimed in the manner the Debtor chose here. Although the Court finds and rules that the Debtor did not exempt an unlimited interest in the Claim, the sheer volume of case law surrounding similarly-claimed exemptions, including two Supreme Court cases touching directly on the issues raised here, make a "wait-and-see" approach to debtors' exemptions a very risky strategy indeed. Had the Trustee timely objected, it is likely the Court would have required the Debtor to further clarify the exemption claim, thus avoiding the present controversy.

14

V.    CONCLUSION

Because the Debtor has exempted her interest in the Claim only to the extent of $11,190, the Trustee may yet recover funds on account of the Claim above that amount that will be available for distribution to creditors. Employment of special counsel to pursue the Claim was thus warranted at the time the Court granted the Application to Employ and remains so. The Debtor's Motion to Reconsider will be denied. An order in conformity with this memorandum shall issue forthwith.

DATED: July 7, 2011                    By the Court,

_____

Henry J. Boroff
United States Bankruptcy Judge